## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHASE O'FALLON, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | |
| CLMP NO. 1, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Chase O'Fallon, LLC ("Chase"), and for its Complaint against Defendant CLMP NO. 1, LLC ("Defendant") states as follows:

## THE PARTIES

1.      Chase O'Fallon, LLC is a Wisconsin limited liability company organized to do business in O'Fallon, Illinois.

2.      Chase's sole member is Bear Development, LLC, a resident of Wisconsin, accordingly, Chase is deemed a resident of the State of Wisconsin.

3.      Defendant CLMP No. 1, LLC is a Missouri limited liability company doing business in O'Fallon, Illinois.

4.      Upon information and belief, all members of CLMP No.1, LLC are Missouri residents, accordingly, CLMP No. 1, LLC is considered a resident of the State of Missouri.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to Plaintiffs' claims took place in this judicial district.

## FACTS COMMON TO ALL COUNTS

7.      On or about Novembers 2, 2016, Bear Capital, LLC and Defendant entered into a Purchase Agreement (the "Purchase Agreement") for the sale and purchase of the property commonly known as 208 Estate Drive, O'Fallon, Illinois ("Property") for $1,700,000.00.  The Purchase Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.

8.      Thereafter, on April 16, 2017, the Purchase Agreement was assigned from Bear Capital, LLC to Chase.  The Assignment is attached hereto as **Exhibit B** and incorporated herein by reference.

9.      Contemporaneously with the execution of the Purchase Agreement, Chase deposited $25,000.00 in earnest money (the "Deposit") under the control of Title Services, Inc. in furtherance of the purchase of the Property.  *See* Exhibit A, Section 2.2.

10.      In accordance with Section 2.3 of the Purchase Agreement, on or about June 16, 2017, Chase deposited an additional $25,000.00 in earnest money (the "Second Deposit") under the control of Title Services, Inc. in furtherance of the purchase of the Property. *See* Exhibit A, Section 2.3.

11.      The Property which is the subject of the Purchase Agreement consists of a 52-unit multi-family development comprised of 1-4 bedroom apartment units covered under a Housing and Urban Development ("HUD") program to supply affordable housing to economically disadvantaged members of the community.

12.      The Purchase Agreement had incorporated therein numerous contingencies upon which the enforcement of the Purchase Agreement relied, and those contingencies were

specifically relied upon by Chase and Defendant in the execution of the agreement, as stated

within Section 5.5 of the Purchase Agreement:

> "5.5.1  That each such contingency represents a negotiated term that is clearly understood and agreed to by each such party of this Agreement."
>
> …
>
> "5.5.3  That this contingency is a material term of this Agreement, without which neither Buyer nor Seller would enter into same with the other party."

13.     One such contingency, defined as the "HUD Contingency" within the Purchase

Agreement, made the enforcement of the Purchase Agreement contingent upon certain

determinations by the United States Department of Housing and Urban Development ("HUD"),

stating as follows:

> Buyer and Seller acknowledge that Buyer will apply for various approvals from the United States Department of Housing and Urban Development ("HUD") as deemed reasonably necessary by the Buyer for the ownership and development of the subject Property; including without limitation HUD approval of the transfer of the Property, the assignment of the Project Based Section 8 Housing Assistance Payments Contract, **together with any and all other approvals deemed necessary by the Buyer.** At any time prior to the HUD Contingency (as hereinafter defined), the Buyer may, within five (5) business days from the receipt of the final determination from HUD, with respect to any such application filed by Buyer, cancel this Agreement by written notice to Seller.  If such cancellation is timely made by Buyer, the Deposit and Second Deposit and all interest accrued thereon shall be refunded to Buyer.  *See* Exhibit A, Section 5.3, emphasis added.

14.     On May 17, 2017, Chase and Defendant executed a First Amendment to Purchase

Agreement (the "First Amendment").  The First Amendment to Purchase Agreement is attached

hereto as **Exhibit C** and incorporated by reference herein.

15.     In accordance with Section 2 of the First Amendment, on or about May 17, 2017,

as consideration for the First Amendment, Chase deposited an additional $10,000.00 in earnest

money (the "Third Deposit") under the control of Title Services, Inc. in furtherance of the

purchase of the Property. *See* Exhibit C, Section 2.

16.     As stated within the First Amendment, the HUD Contingency was extended to July 15, 2017.

17.     On or about May 2, 2017, Defendant sent identical correspondence to, respectively, HUD and the National Housing Compliance (the "NHC") (an entity serving as the performance-based contract administrator for HUD in the states of Georgia and Illinois) informing HUD and NHC of the existing Purchase Agreement between the parties, as well providing its approval for Chase to engage in discussion with HUD and NHC for the cancellation of the existing and development of a new 20 year Housing Assisted Payments ("HAP"). At all times, Defendant was aware Chase was seeking a new HAP to make the transaction economically feasible for Chase. Defendants letters to HUD and NHC are attached hereto as **Exhibits D and E** and incorporated by reference herein.

18.     On June 15, 2017, the NHC, sent Chase its determination on Chase's application for a 20-year HAP.  The NHC determination granted Chase's request as to 1 and 2 bedroom units, but rejected, in part, its request as to 3 and 4 bedroom units.

19.     The rejection, in part of Chase's request for the 3 and 4 bedroom units made the Purchase Agreement economically infeasible, forcing Chase to issue its Notice of Termination.

20.      Because NHC was acting as an agent of HUD, this determination from NHC acted as a final determination on the HAP request from HUD, triggering the 5 day notice period from Section 5.3 of the Purchase Agreement.

21.     Thereafter on June 21, 2017 (4 business days after receiving the NHC/HUD final determination), in accordance with the Purchase Agreement, Chase sent to Defendant a notice of termination of the Purchase Agreement, based upon the final decision received by HUD.   The

June 21, 2017 correspondence is attached hereto as **Exhibit F** and incorporated by reference herein.

22.     In addition to the Notice of Termination, Chase requested the return of the Earnest Money per Section 5.3 of the Purchase Agreement.

23.     On June 23, 2017, counsel for Defendant sent correspondence to Chase stating that Defendant "rejects [Chase's] purported termination of the Contract as improper…" The June 23, 2017 correspondence from Defendant's counsel is attached hereto as **Exhibit G** and incorporated by reference herein.

24.     Thereafter, Defendant has failed to cause for the return the Earnest Money nor has it recognized the termination of the Purchase Agreement, instead contending the Purchase Agreement for $1,700,000.00 remains an enforceable contract between Chase and Defendant.

25.     The Purchase Agreement allows for the collection of attorneys' fees to the prevailing party in the instance of "any dispute between the parties arising in connection with the subject matter of this Agreement…"

## COUNT I—DECLARATORY JUDGMENT

26.     Plaintiff incorporates Paragraphs 1 through 22 of this Complaint as if more fully stated herein.

27.     A justiciable controversy exists between Chase and Defendant concerning the rights under the Purchase Agreement.

28.     Chase has a legally protectable interest at stake because it has complied with the Purchase Agreement, but Defendant has threatened to deny Chase the right to the full return of the Earnest Money and the rightful termination of the Purchase Agreement, instead, indicating it intends to seek enforcement of the properly terminated Purchase Agreement.

29.     The controversy concerning the parties' rights and obligations under the agreement is ripe for determination, as Defendant has disputed Chase's right to return of the Earnest Money and ability to terminate the Purchase Agreement.

30.     Chase does not have an adequate remedy at law.

31.     Chase accordingly seeks relief from this Court in the form of a declaration of Chase's existing and ongoing contractual rights to a return of the Earnest Money and termination of the Purchase Agreement without penalty.

32.     A declaration in favor of Chase is warranted to protect it from immediate injury as a result of Defendant's actions and threatened actions.

33.     Under the terms of the Purchase Agreement, Chase is entitled to its attorneys' fees and expenses incurred in bringing this action.

WHEREFORE, Chase O'Fallon, LLC prays this Court grant judgment in its favor as to Count II herein, and against CLMP No. 1 LLC, declaring the Purchase Agreement has been properly cancelled by Chase and is terminated, awarding Chase its attorneys' fees in connection with bring this action and for all other and further relief as this Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

34.     Plaintiff incorporates Paragraphs 1 through 22 of this Complaint as if more fully stated herein.

35.     Chase and Defendant entered into the Purchase Agreement on November 2, 2016.

36.     Thereafter, Chase complied with all terms of the Purchase Agreement, including the HUD Contingency contained therein, by sending notification of termination of the Purchase Agreement within five days of receipt of a final decision from HUD regarding the HAP Contract applied for as to the Property.

37.     Defendant failed to comply with the Purchase Agreement in refusing to cause for the return the Earnest Money upon receipt of Chase's Notice of Termination.

38.     Defendant further failed to comply with the Purchase Agreement in taking the position the Purchase Agreement remains an enforceable contract between the parties.

39.     Chase has been damaged due to Defendant's breach of the Purchase Agreement.

40.     Due to Defendant's breach of the Purchase Agreement, Chase has been forced to incur attorneys' fees which are subject to recuperation under the agreement.

WHEREFORE, Chase O'Fallon, LLC prays this Court grant judgment in its favor as to Count I herein, and against CLMP No. LLC in an amount to be determined by the trier of fact and for all other and further relief as this Court deems just and proper.

## COUNT III – PROMISSORY ESTOPPEL (IN THE ALTERNATIVE)

41.     Plaintiff incorporates Paragraphs 1 through 22 of this Complaint as if more fully stated herein.

42.     Based on the promises made by Defendant's authorized representative, R. McNeely Cochran, Defendant led Chase to believe that, upon the rightful termination of the Purchase Agreement pursuant to the HUD Contingency, Defendant would fulfill the terms of the Purchase Agreement, agree to the cancellation of same and cooperate in the return of all earnest money to Chase.

43.     Without these express promises and understandings, Chase never would have agreed to enter into the Purchase Agreement, as specifically stated within the Purchase Agreement at Section 5.5, and its subparts.

44.     Defendant has now repudiated its promise, thereby damaging Chase in an amount to exceed $75,000.00.

WHEREFORE, plaintiffs, Chase O'Fallon, LLC seek relief from this Court in the form of a declaration of Chase's existing and ongoing contractual rights to the full return of the Earnest Money, determining that the Purchase Agreement is terminated following the Notice of Termination sent on June 21, 2017 by Chase, that Chase owes nothing to Defendant, and for a judgment awarding actual damages in an amount not less than $75,000, for Chase's attorneys' fees and costs in bringing this action, and granting such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**LATHROP & GAGE LLP**

By:     */s/ Matthew A. Jacober*
        Matthew A. Jacober (6256140)
        Emily E. Cantwell (6304848)
        7701 Forsyth Boulevard, Suite 500
        Clayton, Missouri  63105
        314.613.2800; F: 314.613.2801
        mjacober@lathropgage.com
        ecantwell@lathropgage.com

        *Attorneys for Plaintiff*